UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN JAY MANNING,

    Plaintiff,

v.                                             Case No.:  2:21-cv-288-SPC-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Kevin Jay Manning filed a Complaint on April 7, 2021.  (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for a period of disability, disability insurance benefits, and supplemental security income.  Defendant, the Commissioner of the Social Security Administration (the "Commissioner"), filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number).  On May 27, 2022, the Commissioner filed Defendant's Opposed Motion for Entry of Judgment with Remand.  (Doc. 28). Plaintiff filed a response in opposition on June 3, 2022.  (Doc. 29).  The Commissioner filed a reply on June 23, 2022.  (Doc. 34).  For the reasons set forth herein, the Undersigned recommends that Defendant's Opposed Motion for Entry of Judgment with Remand be **GRANTED** and that the decision of the Commissioner

be **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.     Procedural History

On September 12, 2008, Plaintiff protectively filed an application for a period of disability and disability insurance benefits, ("DIB"), alleging a disability onset date of April 13, 2005. (*See* Tr. at 2055, 2081). Plaintiff's DIB application was denied at the initial level on December 17, 2008. (*Id.* at 2055).

Then, on April 23, 2009, Plaintiff filed a second application for DIB and an application for Supplemental Security Income, ("SSI"), again asserting a disability onset date of April 13, 2005. (*Id.* at 565-73, 574-81, 2055). Both applications were denied at the initial level. (*Id.* at 457-59, 461-62). Thereafter, on December 14, 2009, his SSI application was denied at the reconsideration level. (*Id.* at 469-70; *see also* Tr. at 2055).[1]

On February 22, 2011, ALJ M. Dwight Evans held a hearing on Plaintiff's SSI application. (*Id.* at 354-82). During the hearing, Plaintiff's counsel requested that ALJ Evans reopen Plaintiff's September 12, 2008 application for DIB. (*Id.* at 361-65;

---

[1] Neither party asserts that Plaintiff's DIB application was denied at the reconsideration level, nor can the Undersigned find any papers in the record relating to that event. In any event, Administrative Law Judge, ("ALJ"), Northington "officially elect[ed] to reopen the initial adverse December 2008 [DIB] determination," in her May 8, 2015 decision. (Tr. at 2184). Because neither party objects to ALJ Northington's decision to reopen the September 12, 2008 DIB application, the Undersigned considers the DIB application to be appropriately raised on appeal.

2

*see* Tr. at 1383-84, 2055).  On April 28, 2011, ALJ Evans issued a decision finding Plaintiff not disabled and omitting any discussion as to whether he would reopen Plaintiff's September 12, 2008 DIB application.  (*Id.* at 398-406; *see* Tr. at 2055).  On July 19, 2011, Plaintiff filed a subsequent claim for SSI.  (*See id.* at 414, 2055).

On August 26, 2011, the Appeals Council remanded ALJ Evans' decision for a second hearing and new decision, (*id.* at 411-14), and ordered ALJ Evans to consider Plaintiff's July 19, 2011 SSI application in his new decision, (*id.* at 414). Accordingly, Plaintiff attended a second hearing before ALJ Evans on February 7, 2012, (*id.* at 328-53; *see* Tr. at 2055); however, ALJ Evans continued the hearing because substantial evidence from Plaintiff's July 19, 2011 SSI application was not within the record.  (*See id.* at 350-52).

Subsequently, on May 9, 2012, Plaintiff's counsel engaged in a phone call with ALJ Evans during which "[Plaintiff] agree[d] to amend his alleged onset date from April 13, 2005 to September 1, 2007, so that a fully favorable decision [could] be issued."  (*Id.* at 621).  On the same day, Plaintiff submitted an executed "Consent to Amend Onset Date," stating that "the following is regarding [DIB] and [SSI] benefits," and acknowledging that, while the change may increase the chance of a favorable decision, "there is no guarantee as to [the] outcome of this case."  (*Id.* at 622 (original typeface omitted)).  However, ALJ Evans responded to Plaintiff's correspondence and asserted that the proposed amended onset date of September 1, 2007, was not supported by the evidence.  (*Id.* at 1410).  In response, Plaintiff

3

formally withdrew his "Consent to Amend Onset Date" and realleged that his disability began on April 13, 2005, (*id.* at 1414).

On September 6, 2012, ALJ Evans held a supplemental hearing. (*Id.* at 274-327). On November 27, 2012, ALJ Evans issued his second decision finding that Plaintiff was not disabled based on either the application for DIB or the applications for SSI. (*Id.* at 438; *see* Tr. at 419-438). On January 23, 2014, the Appeals Council remanded ALJ Evans' November 27, 2012 decision, but the Appeals Council's remand Order contained a clerical error. (*Id.* at 449). As a result, on April 17, 2014, the Appeals Council issued a second Order that (1) vacated its January 23, 2014 Order and (2) remanded ALJ Evans' November 27, 2012 decision. (*Id.* at 449-51).

On November 19, 2014, ALJ Northington held a hearing on Plaintiff's applications. (*Id.* at 209-67). Thereafter, on May 8, 2015, ALJ Northington issued a partially favorable decision addressing (1) Plaintiff's September 12, 2008 application for DIB, (2) Plaintiff's April 23, 2009 application for SSI, and (3) all of Plaintiff's subsequent applications. (*Id.* at 2184-2205). In her May 8, 2015 decision, ALJ Northington also held that Plaintiff was disabled beginning on January 1, 2014. (*Id.*). The Appeals Council declined review of the decision. (*Id.* at 2215-17). On July 1, 2019, however, this Court issued an Opinion and Order reversing ALJ Northington's decision and remanding the case for further consideration of the treating source opinions of record. (*Id.* at 2221-35).

Thus, on February 10, 2020, Plaintiff attended a hearing before ALJ Northington, (*id.* at 2121-79), after which, on April 3, 2020, ALJ Northington issued

4

a partially favorable decision again finding that Plaintiff was disabled beginning on January 1, 2014. (*Id.* at 2055-81). The Appeals Council denied Plaintiff's request for review on February 3, 2021. (*Id.* at 2034-37). Plaintiff filed his Complaint in this Court on April 7, 2021. (Doc. 1). The Commissioner filed the instant motion on May 27, 2022. (Doc. 28).

II.   Analysis

Here, Defendant requests that the Court reverse and remand this case under sentence four of 42 U.S.C. § 405(g) for an ALJ to:

> 1) accurately evaluate the opinions from the treating and examining sources and provide an adequate explanation for the weight accorded to each opinion; 2) to reconsider Plaintiff's residual functional capacity (RFC) and include the limitations supported by the record; 3) to hold a supplemental hearing and obtain testimony from a vocational expert (VE) regarding alternate work; and 4) before relying on VE testimony, confirm whether any direct conflicts exist between the testimony and the DOT in compliance with Social Security Ruling 00-4p.

(Doc. 28 at 1).

Plaintiff filed a response in partial opposition to Defendant's motion, requesting that the Court reverse and remand this case "for a directed finding of disability and calculation of benefits," not for further administrative proceedings before an ALJ. (Doc. 29 at 1). In support, Plaintiff summarizes the procedural history of his case, (*see id.* at 1-4 (citations omitted)), and the case law related to a district court's authority to remand for the calculation of benefits, (*see id.* at 5 (citations omitted)). Further, Plaintiff argues that, "as set forth in the procedural

5

history . . . , there have been numerous remands and ALJ errors . . . in this matter." (*Id.* at 5).  Thus, "Plaintiff has suffered an injustice by the delay in award of benefits these errors have caused as the evidence of record supports a finding of disability at the time of his alleged onset date."  (*Id.* at 5-6).

In its reply, Defendant contends that reversal for a directed finding of disability and calculation of benefits would not be the appropriate remedy as "Plaintiff has not established disability without any doubt, and . . . remand to the agency would not result in injustice."  (Doc. 34 at 1 (citations omitted)).  Defendant therefore asserts that remand for further administrative action is the appropriate remedy in Plaintiff's case.  (*See id.* at 2 (citations omitted)).

"Generally, the proper remedy for errors in a disability decision is a remand for further proceedings, but the Commissioner does not enjoy endless opportunities to get it right."  *Green v. Comm'r of Soc. Sec.*, No. 6:18-cv-1095-Orl-41GJK, 2019 WL 2210689, at *2 (M.D. Fla. Feb. 20, 2019) (quotation omitted), *report and recommendation adopted*, 2019 WL 1745372 (M.D. Fla. Apr. 18, 2019).  Thus, while rare, the Court may remand a social security disability case for an award of benefits where (1) the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt," *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (citation omitted), or (2) the claimant has suffered an injustice, *see Green*, 2019 WL 2210689, at *2 (citing *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982)), *report and recommendation adopted*, 2019 WL 1745372.  In considering whether a plaintiff has suffered an

injustice, courts in this District have remanded for an award of benefits "where there have been repeated remands, a failure to follow remand instructions, the Commissioner's inability to carry its burden of proof, the existence of extraordinary delay, or a combination of these factors." *Id.* (quotation and citations omitted).

### A. Whether the Cumulative Effect of the Evidence Establishes Disability Without any Doubt.

Here, the Undersigned finds that Plaintiff has failed to show that the cumulative effect of the evidence establishes disability without any doubt. (*See* Doc. 29). While Plaintiff contends that "(1) ALJ Northington's physical RFC was not supported in light of ALJ Northington's evaluation of the opinion evidence of Drs. Thompson and Schosheim and (2) ALJ Northington erred in finding that Plaintiff's condition did not meet or equal Listings 1.04 or 12.05C," (*id.* at 4), Plaintiff does not support these contentions with citations to specific evidence in the record, (*see id.* at 1-6). Plaintiff states only that "[t]he Commissioner agrees that remand is warranted," and "the evidence of record supports a finding of disability of the time of the alleged onset date." (*Id.* at 4, 6). The Undersigned finds these statements insufficient to establish disability without any doubt. Thus, the Undersigned recommends that the presiding United States District Judge decline to remand for an immediate award of benefits under the standard set forth in *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). *See Kropp v. Comm'r of Soc. Sec.*, No. 6:20-cv-1196-RBD-DCI, 2021 WL 2228338, at *3 (M.D. Fla. May 12, 2021) (finding that the plaintiff failed to demonstrate that the Commissioner considered the essential evidence and

7

that the cumulative effect of the evidence established disability without any doubt), *report and recommendation adopted*, 2021 WL 2226605 (M.D. Fla. June 2, 2021).

### B. Whether Plaintiff Has Suffered an Injustice.

Plaintiff argues that he suffered an injustice as evinced by the numerous remands and ALJ errors set forth in the procedural history of his case. (*Id.* at 5). Specifically, Plaintiff refers to the ALJs' "failures to follow remand orders, failures to consolidate applications, failure to promptly notify counsel of additional evidence, and . . . failure . . . to honor an agreement to [issue a favorable decision if Plaintiff would] amend [his] onset date." (*Id.* at 5 (citing Tr. at 1455)).

While Plaintiff's procedural history is extensive and the ALJs have committed errors in considering Plaintiff's case, the Undersigned is not persuaded that the facts here establish that Plaintiff suffered an injustice. *See Wheelock v. Comm'r of Soc. Sec.*, No. 6:18-cv-894-Orl-LRH, 2019 WL 4479563, at *8-10 (M.D. Fla. Sept. 18, 2019) (remanding case but declining to award benefits where the case was nine years old and had been previously remanded by the Court twice); *Kropp*, 2021 WL 2228338, at *3-4 (remanding case but declining to award benefits where the case was thirteen years old and on appeal for the third time), *report and recommendation adopted*, 2021 WL 2226605.

Several factors cut against Plaintiff's assertion that he has suffered an injustice. To begin, while Plaintiff's initial application for DIB was filed roughly fourteen years ago, (*see* Tr. at 2055, 2081), this case was delayed for nearly two years, from June 6,

8

2016, through April 4, 2018. (*See id.* at 5, 8-9). The extended delay occurred when Plaintiff's counsel filed an August 5, 2016 request for an extension of time to file a civil action, which the Appeals Council granted through a notice. (*Id.* at 8-9). Yet, for an unknown reason, Plaintiff's counsel never received the Appeals Council's notice extending the time by which Plaintiff had to file a civil action. (*Id.* at 5). While it is unclear where the fault for this delay rests, the Undersigned finds it relevant that Plaintiff's counsel chose not to follow up on the matter for approximately nine months, until May 9, 2017, when counsel "refaxed" the August 5, 2016 request. (*Id.*). Even then, Plaintiff's counsel waited an additional five months, until October 19, 2017, before sending a second request for an extension of time to file a civil action. (*Id.*). While there is no allegation that this significant delay is the fault of Plaintiff's counsel, Plaintiff has also not provided any argument that the delay is attributable to the SSA.

 Relatedly, in the instant appeal, despite receiving three months in extensions of time, (*see* Docs. 21, 23), Plaintiff did not serve his portion of the Joint Memorandum to the Commissioner until April 13, 2022, nearly two months after the extended deadline to do so, (Doc. 24 at 1). To be sure, the Undersigned is concerned by how long this matter has remained pending, but it cannot be said that Plaintiff's counsel's own conduct has not contributed, at least partially, to the exceptional delay.

 Further, the Undersigned notes that ALJ Northington issued a May 8, 2015 decision finding Plaintiff disabled beginning on January 1, 2014, based on his April

9

23, 2009 application for SSI.  (Tr. at 2184-2205).  Additionally, during the February 10, 2020 hearing, Plaintiff asserted that he was still receiving SSI benefits.  (*Id.* at 2126).  Thus, while Plaintiff argues that he is entitled to greater benefits than he has currently received, he is not in the position of a claimant who has endured extended proceedings without income.  To the contrary, Plaintiff has received over seven and a half years of social security income.  The Undersigned finds this fact relevant as it evinces that a portion of any alleged damage or injustice caused by the prolonged social security proceedings in Plaintiff's case has been alleviated.

To the extent that Plaintiff argues that he suffered an injustice based on ALJ Evans' decision not to issue a fully favorable decision after Plaintiff filed a consent to amend his onset date, (*see* Doc. 29 at 1 n.1), the Undersigned is not persuaded.

First, in social security cases, reviewing courts are limited to the certified administrative record in examining the evidence.  *See Cherry v. Heckler*, 760 F.2d 1186, 1193-94 (11th Cir. 1985) (citation omitted).  Thus, even if Plaintiff's counsel had an off-the-record phone conversation that allegedly resulted in an agreement between Plaintiff and ALJ Evans, the Undersigned finds the contents of that conversation are not subject to review by this Court.  *Mosley v. Astrue*, No. 3:07-cv-729-J-TEM, 2008 WL 3982508, at *7 n.5 (M.D. Fla. Aug. 25, 2008) ("Discussions outside the record are not subject to review by this Court.").  As a result, the Undersigned is not satisfied that the conversation constitutes a sufficient basis for this Court to find that Plaintiff suffered an injustice.

Second, setting aside that Plaintiff provided no citations establishing that the ALJ made the alleged agreement, Plaintiff cites no authority prohibiting an ALJ from changing his position on a particular issue before the ALJ issues a decision. (*See* Doc. 29 at 1-6).  In fact, Plaintiff's own "Consent to Amend Onset Date" seems to acknowledge that the ALJ is not bound to make a specific determination as it expressly states that "there is no guarantee as to [the] outcome of this case."  (Tr. at 622 (original typeface omitted)).  Upon a review of the record, it appears to the Undersigned that ALJ Evans does not even address the alleged agreement until July 30, 2012, when he asserted that the proposed amended onset date of September 1, 2007, was not supported by the evidence, (*id.* at 1410), which allowed Plaintiff to formally withdraw his "Consent to Amend Onset Date" on August 1, 2012, (*id.* at 1414).

Accordingly, the Undersigned finds that ALJ Evans was not required to issue a favorable decision based on Plaintiff's alleged agreement to amend his onset date, especially given Plaintiff's acknowledgment that "there is no guarantee as to outcome of this case," (*id.* at 622), and subsequent withdrawal of his "Consent to Amend Onset Date," (*id.* at 1414).  The Undersigned notes that this finding is further bolstered by the general principle that "[an] ALJ is not bound by any findings made [during a] hearing." *Wynn v. Comm'r of Soc. Sec.*, No. 6:13-cv-1092-Orl-GJK, 2014 WL 4092267, at *4 (M.D. Fla. Aug. 19, 2014).  Thus, the Undersigned finds that Plaintiff has not shown that ALJ Evans' alleged failure to comply with an agreement

11

to issue a favorable decision constitutes an injustice entitling Plaintiff to a remand for an award of benefits.

To the extent Plaintiff argues that he suffered an injustice based on the ALJs' "failures to follow remand orders, failures to consolidate applications, [and] failure to promptly notify counsel of additional evidence," (Doc. 29 at 5), the Undersigned is again unpersuaded.  Even though Plaintiff provided a generalized summary of his case's procedural history, (*see id.* at 1-4), he does not specifically cite the portions of the record in which he contends the ALJs erred.  Thus, the Undersigned is forced to make assumptions regarding the portions of the record to which Plaintiff broadly refers.

Related to Plaintiff's contention that the ALJs "fail[ed] to follow remand orders," the Undersigned assumes that Plaintiff is referring to ALJ Evans' November 27, 2012 decision, (Tr. at 419-38), ALJ Northington's May 8, 2015 decision, (*id.* at 2184-2205), and ALJ Northington's April 3, 2020 decision, (*id.* at 2055-81). Notably, Plaintiff has provided no description of how the ALJs disregarded the remand orders in these decisions.  (*See* Doc. 29).

As for the November 27, 2012 decision, ALJ Evans was required to (1) further evaluate Plaintiff's radiculopathy and residual functional capacity, (2) if warranted, obtain supplemental evidence from a vocational expert, and (3) incorporate Plaintiff's July 19, 2011 SSI application into his decision. (Tr. at 413-14).  In its remand of ALJ Evans' November 27, 2012 decision, the Appeals Council noted that the ALJ had (1) failed to proffer responses to medical interrogatories to Plaintiff's

12

counsel as required by the HALLEX and (2) overlooked Plaintiff's obesity in his decision. (*Id.* at 449-50). Thus, the Undersigned finds that, while ALJ Evans erred in his November 27, 2012 decision, it cannot be said that he disregarded the Appeals Council's instructions on remand as the basis for the Appeals Council's reversal was distinct from the instructions ALJ Evans received in the Appeals Council's earlier remand. As a result, the Undersigned finds that Plaintiff has not shown injustice based on ALJ Evans' November 27, 2012 decision. *See Kropp*, 2021 WL 2228338, at *3-4 (finding that the plaintiff had not suffered an injustice because, *inter alia*, "this is not a case involving three identical remands or one in which the Commissioner has failed three times to follow the same instruction, each remand had its own reason and the Commissioner failed in different, though sometimes related, ways"), *report and recommendation adopted*, 2021 WL 2226605; *Wheelock*, 2019 WL 4479563, at *9 ("[T]his is not a situation where the ALJ continues to make the same errors in contravention of the Appeals Council's or the Court's orders.").

As for the May 8, 2015 decision, ALJ Northington was required to (1) proffer responses to medical interrogatories to permit Plaintiff's counsel to comment on them as required by the HALLEX, (2) evaluate Plaintiff's impairments, obesity, and ability to perform basic work activities, (3) reconsider Plaintiff's residual functional capacity, and (4) if warranted, obtain supplemental evidence from a vocational expert. (Tr. at 449-51). In its remand of ALJ Northington's May 8, 2015 decision, the District Court noted that the ALJ had failed to properly evaluate Dr. Sareen's and Dr. Hill's medical opinions under the Treating Source Rule. (*Id.* at 2235). Thus,

13

the Undersigned finds that, while ALJ Northington erred in her May 8, 2015 decision, it cannot be said that she disregarded the Appeals Council's instructions on remand as the basis for the Court's reversal was distinct from the instructions ALJ Northington received from the Appeals Council.  Accordingly, the Undersigned finds that Plaintiff has not established injustice based on ALJ Northington's May 8, 2015 decision.  *See Kropp*, 2021 WL 2228338, at *3-4, *report and recommendation adopted*, 2021 WL 2226605; *Wheelock*, 2019 WL 4479563, at *9.

As for the April 3, 2020 decision, ALJ Northington was required to properly evaluate Dr. Sareen's and Dr. Hill's medical opinions under the Treating Source Rule.  (Tr. at 2235).  A review of the decision shows that ALJ Northington assessed Dr. Sareen's and Dr. Hill's medical opinions under the Treating Source Rule.  (*See id.* at 2075-76).  Moreover, while ALJ Northington's April 3, 2020 decision is being remanded, there is no indication in the record that the decision is being remanded because of ALJ Northington's failure to follow the Court's specific July 1, 2019 instructions.  (*See* Docs. 28, 29).  As a result, the Undersigned finds that Plaintiff has not demonstrated injustice based on ALJ Northington's April 3, 2020 decision.  *See Kropp*, 2021 WL 2228338, at *3-4, *report and recommendation adopted*, 2021 WL 2226605; *Wheelock*, 2019 WL 4479563, at *9.

Regarding Plaintiff's arguments that he suffered an injustice based on the ALJs "failures to consolidate applications [and] failure to promptly notify counsel of additional evidence," the Undersigned is not persuaded that these failures constitute injustices.  For example, the evidence of "failures to consolidate," were quickly

14

rectified (1) by ALJ Evans when he considered Plaintiff's July 19, 2011 SSI application in his November 27, 2012 decision and (2) by ALJ Northington when she consolidated Plaintiff's September 12, 2008 DIB application, April 23, 2009 SSI application, and all subsequent applications, into her May 8, 2015 decision. (Tr. at 2184-85). Similarly, the evidence of "failure to promptly notify counsel of additional evidence" was remedied in ALJ Northington's May 8, 2015 decision when she offered Plaintiff the opportunity to comment on the medical evidence as required by the HALLEX. (Tr. at 2185). For these reasons, the Undersigned finds that Plaintiff has not established injustice based on these allegations.

In sum, while the Undersigned notes that this case is likely approaching the point at which a finding of injustice may be plausible, the Undersigned finds that the current record does not show that Plaintiff has suffered an injustice yet. Thus, the Undersigned recommends that this case be remanded for further administrative proceedings, rather than for an immediate award of benefits.

    **C.**    **Plaintiff's Alternative Request.**

As a final matter, the Undersigned notes that Plaintiff makes a request in the alternative asserting that "this case should be remanded for further administrative proceedings including a de novo hearing and new decision." (Doc. 29 at 6). Notably, Defendant's motion requests that the Court remand this case with instructions for the ALJ to conduct a "supplemental hearing." (Doc. 28 at 1). Plaintiff does not provide any argument on why his request is preferable to Defendant's proposed remand instructions. (*See* Doc. 29). Thus, to the extent that

15

Plaintiff's alternative request deviates from Defendant's proposed remand instructions, the Undersigned recommends that the request be denied. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 777 n.2 (11th Cir. 2016) (finding that a plaintiff's perfunctory argument was abandoned). Accordingly, the Undersigned recommends that the ALJ be directed to follow Defendant's proposed instructions, including the instruction that an ALJ be required to hold a supplemental hearing, on remand.

### III.  Conclusion

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. The presiding United States District Judge enter an Order **GRANTING** Defendant's Opposed Motion for Entry of Judgment with Remand (Doc. 28).

2. The decision of the Commissioner be **REVERSED** and this case be **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings as follows:

    Upon remand by the Court, the case will be forwarded to an ALJ with instructions to: 1) accurately evaluate the opinions from the treating and examining sources and provide an adequate explanation for the weight accorded to each opinion; 2) to reconsider Plaintiff's residual functional capacity (RFC) and include the limitations supported by the record; 3) to hold a supplemental hearing and obtain testimony from a vocational expert (VE) regarding alternate

        work; and 4) before relying on VE testimony, confirm whether any direct conflicts exist between the testimony and the DOT in compliance with Social Security Ruling 00-4p.

3. Plaintiff be instructed that any application for fees, costs, or expenses must comply with the Court's Standing Order on Management of Social Security Cases, *In re Administrative Orders of the Chief Judge*, Case No. 3:21-mc-1-TJC, Doc. 43 (Dec. 7, 2021).

4. The Clerk of Court be directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**RESPECTFULLY RECOMMENDED** in Chambers in Tampa, Florida on August 1, 2022.

_____
Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties