UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN JAY MANNING,

    Plaintiff,

v.                                             Case No.:   2:21-cv-288-SPC-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation ("R&R"). (Doc. 35). Judge McCoy recommends granting Defendant Commissioner of Social Security's Opposed Motion for Entry of Judgment with Remand (Doc. 28), reversing the Commissioner's decision, and remanding this case for further administrative proceedings. Plaintiff Kevin Jay Manning objects to the R&R. (Doc. 36). Defendant Commissioner of Social Security has not responded, and the time to do so has expired. The R&R is thus ripe for review.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

When reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When objections are made to a report and recommendation, the district court engages in a de novo review of the issues raised. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

After a careful and independent review, the Court overrules the objections and adopts the R&R in full. Although the undersigned agrees with the well-reasoned R&R, it offers this added analysis on Plaintiff's objections.

Both parties agree the Court needs to return this action to the Social Security Administration. But they disagree on what the remand should entail. Defendant, as the movant, says an administrative law judge needs to develop the record more and hold a supplemental hearing. (Doc. 28). But enough is enough for Plaintiff. As the non-movant, he wants the Court to remand for a directed finding he is disabled and calculate his benefits. (Doc. 29).

Courts may reverse the Commissioner's decision "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). As the R&R aptly explains, courts (though rare) may remand social security disability cases for awards of benefits under two possible circumstances: (1) the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt,"

*Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); or (2) the claimant has suffered an injustice like repeated remands, extraordinary delay, and failure to follow other remand instructions. *Green v. Comm'r of Soc. Sec.*, No. 6:18-cv-1095-Orl-41GJK, 2019 WL 2210689, at *2 (M.D. Fla. Feb. 20, 2019), *report and recommendation adopted*, 2019 WL 1745372 (M.D. Fla. Apr. 18, 2019).

Here, the parties collectively briefed the remand issue in less than a dozen pages. (Doc. 28; Doc. 29; Doc. 34). And their arguments to Judge McCoy focused mainly on whether Plaintiff suffered an injustice to warrant a remand for an award of benefits. In the end, the R&R has recommended finding neither injustice nor cumulative evidence that Plaintiff is undoubtedly disabled. (Doc. 35 at 7-15). Plaintiff now raises three objections to the R&R.

The first objection is generic: "The Court should decline to adopt the Magistrate Judge's finding that this matter should be remanded for further proceedings rather than for calculation of benefits." (Doc. 36 at 2-6). As best the Court can tell, Plaintiff appears to challenge the R&R's finding on injustice. But this objection is no objection at all. It copies and pastes general legal principles before summarily declaring that the Court should do the opposite of the R&R's recommendation. This copy and paste strategy falls short. Plaintiff has experienced counsel who knows (or should know) that courts refuse to consider improper re-argument. *E.g.*, *Cole v. Comm'r of Soc. Sec'y*, No. 2:20-cv-524-SPC-NPM, 2021 WL 5866968, at *1 (M.D. Fla. Dec. 10, 2021)

3

(summarily rejecting mere re-argument objections). If Plaintiff is objecting to the R&R's injustice finding, he never substantively (let alone persuasively) explains why. All Plaintiff does is hope the Court may disagree with Judge McCoy and give him a different outcome. The Court will not, and thus overrules the first objection.

Turning to the second and third objections, Plaintiff argues the cumulative effect of the evidence shows him to be disabled. Thus, the case should be remanded for a calculation of benefits. (Doc. 36 at 10). He then spends four pages pointing to evidence about his alleged disability. (Doc. 36 at 10-13). He next asserts that ALJ Northington improperly assessed the opinion evidence. (Doc. 36 at 7-10). Both objections, however, are too little too late. Neither were raised with Judge McCoy.

For example, in opposing Defendant's requested remand, all Plaintiff asserted to Judge McCoy about the cumulative evidence was "(1) ALJ Northington's physical RFC was not supported in light of [his] evaluation of the opinion evidence of Drs. Thompson and Schosheim and (2) ALJ Northington erred in finding that Plaintiff's condition did not meet or equal Listings 1.04 or 12.05C." (Doc. 29 at 4). The R&R acknowledges Plaintiff's position but found he did "not support these contentions with citations to specific evidence in the record." (Doc. 35 at 7). Plaintiff tries to correct that error now.

4

But the Court will not exercise its discretion to consider arguments not presented to Judge McCoy. *See Williams v. McNeil*, 557 F.3d 1287, 1291–92 (11th Cir. 2009) ("[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate [judge], wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge.'" (citation omitted)); *League v. Comm'r of Soc. Sec.*, No. 2:20-CV-650-SPC-NPM, 2022 WL 703011, at *3 (M.D. Fla. Mar. 9, 2022) ("The Court doesn't refer matters merely to allow parties a first crack at refining their argument[.]"). Because Plaintiff did not sufficiently raise these challenges until now, the Court considers the matters waived. *See, e.g.*, *Reilly v. Comm'r of Soc. Sec'y*, No. 2:19-cv-917-SPC-MRM, 2021 WL 638715, at *1 (M.D. Fla. Feb. 18, 2021) (refusing to consider argument raised for first time as objection). The Court thus overrules the remaining objections.

Accordingly, it is now **ORDERED:**

1. The Report and Recommendation (Doc. 35) is **ACCEPTED and ADOPTED**, and the findings incorporated herein.

2. Defendant's Opposed Motion for Entry of Judgment with Remand (Doc. 28) is **GRANTED**.

3. The decision of the Commissioner is **REVERSED,** and this action is **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings as follows:

5

Upon remand by the Court, the case will be forwarded to an ALJ with instructions to:

    a. accurately evaluate the opinions from the treating and examining sources and provide an adequate explanation for the weight given to each opinion;

    b. reconsider Plaintiff's residual functional capacity and include the limitations supported by the record;

    c. hold a supplemental hearing and obtain testimony from a vocational expert about alternate work; and

    d. before relying on a vocational expert's testimony, confirm whether any direct conflicts exist between the testimony and the DOT in compliance with Social Security Ruling 00-4p.

4. For any application for fees, costs, or expenses, Plaintiff must comply with the Court's Standing Order on Management of Social Security Cases, *In re Administrative Orders of the Chief Judge,* Case No. 3:21-mc-1-TJC, Doc. 43 (Dec. 7, 2021).

5. The Clerk is **DIRECTED** to enter judgment, deny any pending motions, terminate any deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 26, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record