UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN JAY MANNING,

     Plaintiff,

v.                               Case No.:  2:21-cv-288-SPC-MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 on December 21, 2022.  (Doc. 39).  The Commissioner filed an opposition brief on January 4, 2023.  (Doc. 40).  Plaintiff filed a reply brief on January 17, 2023.  (Doc. 43).  The matter was referred to the Undersigned for a Report and Recommendation and is ripe for consideration.  For the reasons below, the Undersigned respectfully recommends that the presiding United States District Judge **GRANT IN PART AND DENY IN PART** the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 39).

## PROCEDURAL BACKGROUND

On September 26, 2022, the Court entered an Order reversing and remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g) for the Administrative Law Judge (ALJ) to:  (a) accurately evaluate the opinions from the

treating and examining sources and provide an adequate explanation for the weight given to each opinion; (b) reconsider Plaintiff's residual functional capacity and include the limitations supported by the record; (c) hold a supplemental hearing and obtain testimony from a vocational expert about alternate work; and (d) before relying on a vocational expert's testimony, confirm whether any direct conflicts exist between the testimony and the DOT in compliance with Social Security Ruling 00-4p. (Doc. 37 at 6). Thereafter, on December 21, 2022, Plaintiff filed the request *sub judice* seeking an award of $6,388.41 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 39 at 1). With his reply brief, Plaintiff requests an additional $150.00 in fees. (Doc. 43 at 3).

The Undersigned evaluates Plaintiff's request for fees and the Commissioner's opposition thereto under the appropriate legal standards below.

## ANALYSIS

Plaintiff must meet five (5) conditions to receive an award of fees under the EAJA: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Moreover, the Court must determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rates, and the resulting fees are all

reasonable. *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The Court must also determine whether payment should be made to Plaintiff's counsel or to Plaintiff directly after the United States Department of Treasury determines whether Plaintiff owes any federal debt. *See Astrue v. Ratliff*, 560 U.S. 586, 588 (2010).

### A.    Plaintiff's Request Is Timely.

A fee application must be filed within thirty (30) days of the final judgment and this requirement is jurisdictional in nature. *See* 28 U.S.C. § 2412(d)(1)(B). A final judgment is a judgment that is no longer appealable, and a party has sixty (60) days from the date of the entry of judgment to file an appeal. Fed. R. App. P. 4(a); *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990). Therefore, Plaintiff has ninety (90) days from the date of the entry of final judgment to file an application for EAJA fees. Fed. R. App. P. 4(a); *Myers*, 916 F.2d at 672.

In this case, the Clerk of Court entered a final judgment on September 26, 2022, (Doc. 38), and Plaintiff filed the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 less than ninety (90) days later on December 21, 2022, (Doc. 39). Therefore, the Undersigned finds that Plaintiff timely filed the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 39). *See Myers*, 916 F.2d at 672.

### B.    Plaintiff Meets All Other Requirements Under the EAJA.

Upon consideration of the record and the representations in the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 and

supporting materials (Doc. 39 at 3-4), the Undersigned finds that all other

requirements under the EAJA for a fee award are met.  *See* 28 U.S.C. § 2412(d); *Jean*,

496 U.S. at 158.

The Commissioner does not dispute that Plaintiff meets these requirements.

(Doc. 40).  Instead, the Commissioner opposes the motion on the reasonableness of

the requested fee award.  (*Id*. at 3-9).  Thus, the Undersigned now turns to that issue.

**C.      The Hours Expended, the Hourly Rates Requested, and the Resulting Fees Requested Are Not Entirely Reasonable.**

EAJA fees are determined under the "lodestar" method by determining the

number of hours reasonably expended on the matter multiplied by a reasonable

hourly rate.  *Jean*, 863 F.2d at 773.  The resulting fee carries a strong presumption

that it is a reasonable fee.  *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

Moreover, EAJA fees are "based upon prevailing market rates for the kind

and quality of services furnished," not to exceed $125 per hour unless the Court

determines that an increase in the cost of living or a special factor justifies a higher

fee.  28 U.S.C. § 2412(d)(2)(A).  Thus, determining the appropriate hourly rate is a

two-step process.  The Court first determines the prevailing market rate; then, if the

prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly

rate.  *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992).  The prevailing

market rates must be determined according to rates customarily charged for similarly

complex litigation and are not limited to rates specifically for social security cases.

*Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

4

Plaintiff's counsel states that counsel expended 0.7 hours (0.3 hours in 2021 and 0.4 hours in 2022) in this case. (*See* Doc. 39 at 4-5). As for hourly rates, Plaintiff's counsel requests $214.29 for work performed during 2021 and $229.05 for 2022. (*Id.*). But Plaintiff's counsel also seeks recovery of attorney's fees from attorneys not admitted to the Middle District of Florida. (*Id.* at 5). These hours total 45.3 hours, and Plaintiff's counsel requests an hourly rate of $125.00. (*Id.*). Finally, Plaintiff's counsel seeks recovery of 7.6 hours of paralegal time at an hourly rate of $75.00. (*Id.* at 6).

The Commissioner opposes the fees requested on two grounds. (Doc. 40). First, the Commissioner requests that the Court deduct 1.4 hours of attorney time and 7.3 hours of paralegal time due to that time being spent on clerical and non-compensable tasks. (*Id.* at 5). The Commissioner identifies several, specific billing entries to which she objects. (*Id.* at 4-5). Second, the Commissioner seeks a deduction of ten hours from the time spent on the brief in this case. (*Id.* at 8).

In his reply, Plaintiff rejects the notion that any time billed was for clerical tasks. (Doc. 43 at 1-2). Plaintiff also opposes a reduction of ten hours for time spent drafting the brief because the Commissioner provided no justification for such a request. (*Id.* at 3). Plaintiff notes that the record in this case includes "2503 pages, all of which were reviewed by attorneys assigned to this matter." (*Id.*). Finally, Plaintiff seeks recovery for the fees spent on drafting the reply. (*Id.*). Plaintiff requests 1.2 hours at an hourly rate of $125.00. (*Id.*).

1.     **Clerical Tasks**

The following are the billing entries that the Commissioner challenges as clerical work, which the Undersigned has sorted first by the billing party (*i.e.*, attorney or paralegal) and then chronologically:

| <u>Date</u> | <u>Billing Party</u> | <u>Description</u> | <u>Time</u> |
|---|---|---|---|
| 4/7/2021 | Attorney | Draft complaint, civil cover sheet, corporate disclosure statement and letter to clerk | 0.5 |
| 11/8/2021 | Attorney | Draft motion for extension of time re: Plaintiff's portion of joint memo, send to LC for review | 0.3 |
| 11/9/2021 | Attorney | Review order granting motion for extension of time re: Plaintiff's portion of joint memo, reschedule briefing deadlines | 0.1 |
| 1/7/2022 | Attorney | Draft motion for second extension of time re: Plaintiff's portion of joint memo, send to LC for review | 0.3 |
| 3/18/2021 | Paralegal | Files received, reviewed and processed from referral source for attorney review | 0.6 |
| 3/22/2021 | Paralegal | Telephone call with Client re: completed federal debt check, explained EAJA | 0.3 |
| 3/31/2021 | Paralegal | Telephone call with Client re: IFP assessment, assistance with IFP application | 0.4 |
| 4/1/2021 | Paralegal | FDC contract and other rep docs sent to Client via Right Signature for execution | 0.6 |
| 4/5/2021 | Paralegal | DFC contract and other rep docs returned via Right Sig., reviewed for completion | 0.3 |
| 10/14/2021 | Paralegal | Combine, OCR, and live bookmark federal court transcript (2503 pages) | 2.5 |

| | | | |
|---|---|---|---|
| 11/8/2021 | Paralegal | Email with opposing counsel re: extension to serve Plaintiff's portion of joint memorandum | 0.1 |
| 1/2/2022 | Paralegal | Email with opposing counsel re: second extension to serve Plaintiff's portion of joint memorandum | 0.1 |
| 10/10/2022 | Paralegal | Federal court referral back to referral source | 0.3 |
| 12/22/2022 | Paralegal | EAJA preparation | 1.5 |
| 12/19/2022 | Paralegal | Ready EAJA motion and memorandum, time records, exhibits, certificate, send to LC for review | 0.6 |

(Doc. 40 at 4-5; *see also* Doc. 39-1).

After a careful review, the Undersigned finds that several entries include work performed on clerical and non-compensable tasks. *See Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000) ("[T]asks of a clerical nature are not compensable as attorney's fees."). "Clerical tasks include but are not limited to 'reviews of the summons and the civil coversheet, preparation of the letter to the Clerk of Court with the federal filing package, receipt and reviews of emails, and creation of emails to the paralegal or co-counsel.'" *Lucas-Williamson v. Saul*, No. 8:18-cv-2641-T-17AAS, 2019 WL 6792458, at *2 (M.D. Fla. Nov. 6, 2019), *report and recommendation adopted sub nom. Lucas-Williamson v. Comm'r of Soc. Sec.*, No. 8:18-cv-2641-EAK-AAS, 2019 WL 6770084 (M.D. Fla. Dec. 12, 2019) (quoting *Ward v. Astrue*, No. 3:11-cv-523-J-TEM, 2012 WL 1820578, at *3 (M.D. Fla. May 18, 2012)).

As to the attorney tasks, the entry on April 7, 2021 contains clerical tasks because it includes time spent on the civil cover sheet and the letter to the clerk. *See*

*Lucas-Williamson*, 2019 WL 6792458, at *2.  Although it also includes drafting of the complaint, "because counsel has not separated [the] billing statement into more individual tasks, the [Undersigned] cannot tell how much time counsel spent on preparing the complaint as opposed to drafting the" letter and cover sheet.  *Huntley v. Comm'r of Soc. Sec.*, No. 6:12-cv-613-ORL-37, 2013 WL 5970717, at *4 (M.D. Fla. Nov. 8, 2013).  Accordingly, based on the Undersigned's experience, the Undersigned recommends reducing the 0.5 hours requested to 0.3 hours to reflect time spent on non-compensable tasks.  But as to the remaining challenged time entries for the attorneys (*i.e.*, November 8, 2021; November 9, 2021; and January 7, 2022), the Undersigned finds that they reflect time spent on compensable tasks because they reflect legal work spent on drafting and reviewing motions and orders. *See Valerie S. v. Comm'r, Soc. Sec. Admin.*, No. 4:21-CV-005-WEJ, 2022 WL 16702512, at *3 (N.D. Ga. Sept. 7, 2022) ("Drafting motions, reviewing orders, and communicating with opposing counsel are inherently legal tasks and therefore compensable.").

For the paralegal time entries, the following entries are wholly devoted to clerical and non-compensable tasks:  March 18, 2021; April 1, 2021; April 5, 2021; October 14, 2021; November 8, 2021; January 2, 2022; and October 10, 2022.  *See, e.g.*, *Torres v. Kijakzi*, No. 6:20-cv-1471-JRK, 2022 WL 6163063, at *3 (M.D. Fla. Oct. 7, 2022) (finding the following tasks to be clerical and non-compensable:  "Files received, reviewed and processed from referral source for attorney review;" "FDC contract and other rep documents prepared for Client completion;" "FDC contract

and other rep docs returned via Right Signature, reviewed for completion;" and

"Combine, OCR and Live Bookmark Federal Court transcript"); *Valerie S.*, 2022 WL

16702512, at *3 (finding as clerical tasks "receiving files and preparing them for

attorney review, assisting a client with basic forms and documents, reviewing and

calendaring deadlines, preparing service packets, and filing documents

electronically"); *Lewis v. Colvin*, No. 1:15-cv-1483-WSD, 2017 WL 2350211, at *2

(N.D. Ga. May 31, 2017) (rejecting recovery of fees for tasks including "Files

receive[d], reviewed and processed from referral source for Attorney review;"

"Telephone cal[l] with Client re: Assistance with In Forma Pauperis Application;"

"Federal court forms packet sent to Client via Right Signature;" "Strip PDF/A

combine, OCR and live bookmark Federal Court transcript;" and "Federal Court-

Remand Referral back to Referral Source").  In total, therefore, the Undersigned

recommends deducting 4.7 hours of the paralegals' billing time from the requested

fee award.  The Undersigned finds that the remaining entries are not clerical in

nature and therefore are compensable.

In sum, based on certain tasks being clerical and non-compensable, the

Undersigned finds a deduction in 0.2 hours of attorney time and 4.7 hours of

paralegal time should be applied to the overall award.

### 2.    Time Spent on Briefing

The Commissioner seeks to reduce the amount of time spent on briefing by ten

hours.  (Doc. 40 at 7-9).  Plaintiff opposes this reduction but does not cite any legal

authority for why 39.7 hours spent to review the file and draft and edit the joint

memorandum should be compensable.  (Doc. 43 at 3).  As the Commissioner

correctly notes, an award "in excess of thirty hours is uncommon."  *Huntley*, 2013

WL 5970717, at *2 n.1 (collecting cases); *see also Lucas-Williamson*, 2019 WL

6792458, at *1 (finding a request for 41.9 hours on briefing to be excessive).  The

issue for the Court is that the joint memorandum between the parties was never filed

because the Commissioner agreed to voluntarily remand this case.  (*See* Doc. 28).  It

becomes difficult, then, to determine whether the issues in this case were novel or

complex.  *See Lucas-Williamson*, 2019 WL 6792458, at *1 (noting that novelty is a

consideration of whether time spent on briefing is excessive).  True, the record in this

case spanned over 2,500 pages, but Plaintiff's counsel is experienced in Social

Security law.  *See Garverick v. Comm'r of Soc. Sec.*, No. 2:15-cv-385-CM, 2017 WL

1838483, at *3-4 (M.D. Fla. May 8, 2017) (reducing award for time spent on briefing

based on, in part, counsel's experience despite record being 2,000 pages long).

On balance, considering counsel's experience and knowledge, the fact that the

brief was never filed, Plaintiff not identifying any novel or complex issues in this

matter, and the precedent that awards over thirty hours are uncommon in this

District, the Undersigned finds that 39.7 hours spent on briefing is excessive.  *See*

*Ortiz v. Comm'r of Soc. Sec.*, No. 8:20-cv-864-MAP, 2022 WL 15470700, at *2 (M.D.

Fla. July 28, 2022) (reducing award spent on drafting brief by twenty percent or

10.86 hours).  The Undersigned finds that a reduction of 9.7 hours to a total of 30.0

hours is appropriate here.

### 3.    Reply Brief

Plaintiff requests that the Court award fees for time spent on the reply brief. (Doc. 43 at 3).  But Plaintiff did not submit an itemized statement for this request. *See Lewis*, 2017 WL 2350211, at \*2 (reducing fee award sought for reply brief because "Plaintiff did not submit an itemized statement for this request, and some of the arguments in her reply brief lack merit"); *cf. Fischer v. Berryhill*, No. 1:14-cv-196, 2017 WL 1078446, at \*3 (N.D. Fla. Feb. 21, 2017) (allowing recovery of fees for reply brief where plaintiff provided an "itemization of tasks").  Based on the above analysis, Plaintiff was partially successful in defending his requested fee award by filing his reply brief.  Having weighed these considerations, the Undersigned finds that the requested 1.2 hours should be reduced to 1.0 hour for the drafting of the reply brief.  *Cf. Torres*, 2022 WL 6163063, at \*4 (not awarding time spent preparing a reply brief "because Plaintiff was unsuccessful in convincing the Court on any of the disputed issues").

### 4.    Hourly Rates

The Commissioner does not object to the requested hourly rates for any of the individuals at issue.  (Doc. 40).  After a careful review, and based on the Undersigned's experience and the Commissioner's lack of opposition, the Undersigned finds that the hourly rates are reasonable, customary, and appropriate under controlling law.[1]

---

[1] Of note, Plaintiff seeks an award of attorney's fees for attorneys not admitted to practice in this District at a rate of $125 per hour.  (Doc. 39 at 7).  The Commissioner

### 5. Total Fees

Plaintiff seeks a total fee award in the amount of $6,538.41.  (Docs. 39; 43).

The Undersigned recommends reducing the amount by the hours identified above,

such that attorney's fees be awarded to Plaintiff in the amount of $4,923.41,

calculated as follows:

> Fees for hours expended by attorney Phyllis Jean Nowlan:
> 0.3 hours x $214.29/hour = $64.29
> 0.4 hours x $229.05/hour = $91.62
>
> Fees for hours expended by attorneys not admitted to the Middle District:
> (45.3 hours – 9.9 hours) x $125.00/hour = $4,425.00
>
> Fees for hours expended by paralegals:
> (7.6 hours – 4.7 hours) x $75.00/hour = $217.50
>
> Fees for hours expended on the reply brief:
> (1.2 hours – 0.2 hours) x $125.00/hour = $125.00
>
> Total:  $64.29 + $91.62 + $4,425.00 + $217.50 + $125.00 = $4,923.41

(*See* Doc. 39 at 6-7).

---

does not oppose this rate.  (*See* Doc. 40).  But "attorneys who have not been admitted to practice in the Middle District . . . should be compensated at the customary rate in this District for paralegals."  *Mullinax v. Comm'r of Soc. Sec.*, No. 5:17-cv-445-Oc-PRL, 2019 WL 1440149, at *1 (M.D. Fla. Apr. 1, 2019).  That rate is $75 per hour. *Schoenfeld*, 2018 WL 5634000, at *1 ("[T]he prevailing market rate for social security appeals for attorneys not admitted to practice in the Middle District of Florida is the reasonable hourly rate of a paralegal for social security appeals, or $75.00 per hour.").  But because the requested rate does not exceed the EAJA cap of $125 per hour and the Commissioner does not object to the rate, the Undersigned finds the requested hourly rate to be reasonable.  *See Narvaez v. Comm'r of Soc. Sec.*, No. 6:20-cv-806-GJK, 2021 WL 8972942, at *1 (M.D. Fla. July 1, 2021) (finding $125 hourly rate for attorneys not admitted in the Middle District to be reasonable because "[t]he hourly rates requested do not exceed the EAJA cap" and "[t]he [m]otion is unopposed").

### D.   Payment May Be Made to Plaintiff's Counsel.

Plaintiff also filed an executed Affirmation and Waiver of Direct Payment of

EAJA Fees.  (Doc. 39-18).  This assignment states in relevant part:

> If my case is remanded by the Federal Court, either by stipulation or order, my attorney may file for attorney's fees pursuant to the Equal Access to Justice Act (EAJA).  I understand that the EAJA fees are paid by the Federal Government and do not come from any back benefits owed to me by the Social Security Administration.
>
> I hereby agree to waive direct payment of the EAJA fees and assign said fees to be paid directly to my attorney.

(*Id.* at 2).

Upon review of Plaintiff's motion, however, Plaintiff fails to demonstrate that

his assignment of EAJA fees satisfies 31 U.S.C. § 3727.  *See Guzman Rivera v. Comm'r*

*of Soc. Sec.*, No. 6:19-cv-1766-Orl-18GJK, 2020 WL 4289427, at *1 (M.D. Fla. July 7,

2020), *report and recommendation adopted*, 2020 WL 4287595 (M.D. Fla. July 27,

2020); *see also Alvarado v. Comm'r of Soc. Sec.*, No. 6:20-cv-1642-GKS-LRH, 2022 WL

317026, at *3 (M.D. Fla. Jan. 5, 2022), *report and  recommendation adopted*, 2022 WL

310199 (M.D. Fla. Feb. 2, 2022) (citing *Crumbley v. Colvin*, No. 5:13-cv-291 (MTT),

2014 WL 6388569, at *5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*,

No. 6:12-cv-613-Orl-37, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013)).  Thus,

while Plaintiff asserts that "the government will accept the assignment of EAJA fees"

assuming Plaintiff does not owe a debt to the Government, (Doc. 39 at 8), the

Undersigned finds that it would be inappropriate to order the Government to abide

by Plaintiff's assignment.  Rather, the Undersigned recommends allowing the

Government to exercise its discretion in determining whether the fees should be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed. *Guzman Rivera*, 2020 WL 4289427, at *2 n.2 ("The Commissioner may elect to waive the application of [31 U.S.C. § 3727] to the fee award." (citing *Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 934 (6th Cir. 2017))).

## CONCLUSION

For the reasons above, the Undersigned **RESPECTFULLY RECOMMENDEDS** the following:

1.  That the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 39) be **GRANTED IN PART AND DENIED IN PART** as set forth below.

2.  That the Court award $4,923.41 in attorney's fees to Plaintiff.

3.  That the motion be denied to the extent it seeks any greater or different relief.

4.  That the Court direct the Clerk of Court to enter an appropriate judgment for fees in Plaintiff's favor accordingly.

Respectfully recommended in Tampa, Florida on February 1, 2023.

Mac R. McCoy
United States Magistrate Judge

15

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the

Report and Recommendation's factual findings and legal conclusions.  A party's

failure to file written objections waives that party's right to challenge on appeal any

unobjected-to factual finding or legal conclusion the district judge adopts from the

Report and Recommendation.  *See* 11th Cir. R. 3-1.


Copies furnished to:

Counsel of Record
Unrepresented Parties