UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN JAY MANNING,

    Plaintiff,

v.                                        Case No.:  2:21-cv-288-SPC-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation. (Doc. 44). Judge McCoy recommends granting in part and denying in part Plaintiff Kevin Manning's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act. (Doc. 39). He recommends awarding $4,923.41 in attorney's fees, which is reduction of $1,614.69 from Plaintiff seeks. Because of the reduction, Plaintiff objects to the R&R. The Government has not responded, and the time to do so has ended. So the R&R is ripe for review.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

When reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When objections are made, the district court engages in a de novo review of the issues raised.

After an independent review, the Court overrules Plaintiff's objections and adopts the R&R in full. Although the undersigned agrees with the R&R, it offers this added analysis.

First, Plaintiff billed 0.5 hours to "[d]raft complaint, civil cover sheet, corporate disclosure statement and letter to clerk." (Doc. 44 at 6). The R&R reduced the time to 0.3 hours because the entry mixes legal work (e.g., drafting the complaint) with clerical tasks (e.g., time spent on the civil cover sheet and the letter to the clerk). The objection misses this point. The R&R did not, as Plaintiff so argues, "reduce the time charged for drafting the complaint." (Doc. 45 at 1). Just the opposite. The R&R awarded 0.3 to reflect the time taken to draft the complaint. The reduction was for the non-compensable, clerical tasks related to the civil cover sheet and letter. Nor does the 0.5 charge "reflect[] *only* the time spent drafting the complaint," as Plaintiff asserts. (Doc. 45 at 2 (emphasis added)). The Court is hard-pressed to accept the assertion when the billing entry for the 0.5 clearly included drafting the civil cover sheet and letter to clerk.

Second, the R&R recommends reducing 4.7 hours of paralegals' time on reviewing files from the referral source and the federal court contract. Plaintiff says such tasks were not clerical and compensable. Although Plaintiff cites a supporting case, the R&R cites a case that reached the opposite conclusion. *Compare Torres v. Kijakazi,* No. 6:20-cv-1471, 2022 WL 6163063, at *3 (M.D. Fla. Oct. 7, 2022) (declining payment for reviewing files from a referral source), *with Dewees v. Acting Comm'r of Soc. Sec.,* No. 6:21-cv-328, 2022 WL 1406667, at *5-6 (M.D. Fla. May 4, 2022) (granting hours for reviewing the FDC packet but only after supplemental briefing that showed the review required legal skills). The discrepancy is understandable since awarding attorney's fees has discretionary elements. The Court thus agrees with the reduction based on the record here and overrules Plaintiff's objection.

Third, the R&R recommends reducing the time spent on briefing by 9.7 hours. (Doc. 44 at 10). Plaintiff has requested 39.7 hours because the procedural history was complex and different attorneys represented him during the administrative process. (Doc. 45 at 3-4). Plaintiff also questions how the Magistrate Judge can jive awarding him less hours for attorney's fees than he did in his first (and related) Social Security appeal filed a few years earlier. Plaintiff's arguments are nonstarters. Because the Commissioner agreed to remand this case, the parties never filed a joint memorandum (but they did file one in the prior case). Even so Plaintiff should be compensated

3

for the time spent preparing a joint memorandum, but it should not be more than the typical thirty hours. See *Huntley v. Comm'r of Soc. Sec.*, No. 6:12-cv-613, 2013 WL 5970717, at *2 n.1 (M.D. Fla. Nov. 8, 2013) (collecting cases in which "an award in excess of thirty hours [wa]s uncommon"). The Court thus agrees with the R&R's reduction and overrules Plaintiff's last objection.

Accordingly, it is now

**ORDERED:**

1. United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. 44) is **ACCEPTED and ADOPTED**, and the findings incorporated here.

**2.** Plaintiff Kevin Manning's Motion for Attorney's Fees Pursuant to the Equal Justice Act (Doc. 39) is **GRANTED in part and DENIED in part.**

3. Plaintiff is **AWARDED $4,923.41** in attorney's fees.

4. The Clerk is **DIRECTED** to enter an appropriate judgment for fees in Plaintiff's favor.

**DONE** and **ORDERED** in Fort Myers, Florida on April 3, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record